UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST, et al., <br><br>  Plaintiffs, <br><br>  v. <br><br> TRACIE L. GLOOR, doing business as PACIFIC COAST HEATING & SHEET METAL <br><br>  Defendant. | CASE NO. C07-56C <br><br> MINUTE ORDER |

   The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

   This matter comes before the Court on the Response filed by Defendant Tracie L. Gloor on behalf of Pacific Coast Heating & Sheet Metal (Dkt. No. 9) in response to this Court's January 31, 2007 Minute Order (Dkt. No. 6). The Court's Minute Order noted that: "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). On the presumption that Pacific Coast Heating & Sheet Metal is a corporate entity governed by this rule, the Court stated that Defendant

MINUTE ORDER – 1

needed to be represented by an attorney and could not proceed in this matter without such representation. Defendant has now responded that Pacific Coast Heating & Sheet Metal is not a corporation, but rather a sole proprietorship. Defendant requests clarification as to whether the rule requiring attorney representation of a corporation applies to a sole proprietorship as well.

The Court begins by noting that nowhere in Plaintiffs' Complaint (Dkt. No. 1) is the nature of Defendant's business entity alleged, as a corporation or otherwise. The only reference to Defendant as an entity is in Defendant's proposed Answer (Dkt. No. 5), wherein Defendant refers to itself as a "company." Now, for the first time, Defendant asserts that it is a sole proprietorship. A sole proprietorship is a "business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." BLACK'S LAW DICTIONARY (8th ed. 2004). Federal law provides that: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The question, therefore, is whether (1) a sole proprietorship may conduct its own case "personally" through its single owner, as a matter of right under § 1654, or (2) *Rowland*'s limitation on § 1654 extends to sole proprietorships as artificial entities that may not appear *pro se* in federal court.

There is no question that the holding of *Rowland*, quoted *supra*, extends to partnerships and associations. 506 U.S. at 202–03; *see also In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (recognizing the Supreme Court's rejection in *Rowland* of the Ninth Circuit's holding in *United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970), which had allowed a partner to represent a partnership *pro se*). However, *Rowland*'s extension to sole proprietorships is neither stated nor clear. While a sole proprietorship is an artificial business entity like a corporation or partnership, it is by nature limited to the rights and liabilities of one person in a way that these other entities are not. The policy behind the limitation on § 1654 is instructive in evaluating the significance of this distinction. As Judge (now Justice) Souter noted as he rejected (pre-*Rowland*) the Ninth Circuit's reasoning in *Reeves*, "[a]lthough

MINUTE ORDER – 2

the [*Reeves*] court reasoned that in representing the partnership [the partner] was representing his own interest, this begs the relevant question, which is whether the partner was representing any one else at the same time." *New Hampshire v. Settle*, 523 A.2d 124, 129 (N.H. 1987), *cited in Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309–10 (2d Cir. 1991). The critical question in *pro se* representation of an artificial entity, therefore, appears to be whether the litigant is representing the interests of someone *in addition* to herself. Accordingly, the Court finds that in the case of a true sole proprietorship, *pro se* representation comports with both § 1654 and *Rowland*. While there is no binding precedent on this precise point, the Court is further persuaded by the fact that several federal courts have come to similar conclusions. *See United States v. Fox*, 721 F.2d 32, 36 (2d Cir. 1983) (relying on premise that a sole proprietorship has no legal existence apart from its owner in Fifth Amendment analysis); *United Parcel Service v. The Net, Inc.*, 185 F. Supp. 2d 274, 279–80 (E.D.N.Y. 2002) (specifically finding that a sole proprietorship may be represented in court by its *pro se* owner), *vacated on other grounds by* 225 F.R.D. 416 (2005); *Lowery v. Hoffman*, 188 F.R.D. 651, 653 (M.D. Ala. 1999) ("An individual owner may in general represent a sole proprietorship, for a sole proprietorship and its owner are essentially one and the same.").

For the foregoing reasons, the Court finds that Defendant Tracie L. Gloor on behalf of Pacific Coast Heating & Sheet Metal may appear in this action *pro se* if Pacific Coast Heating & Sheet Metal is a sole proprietorship. The Court makes no finding as to the true nature of Pacific Coast Heating & Sheet Metal as an entity and has assumed that it is a sole proprietorship for the purpose of the foregoing analysis.

DATED this <u>6th</u> day of March, 2007.

                                                BRUCE RIFKIN, Clerk of Court

                                                By   */s/ C. Ledesma*
                                                      Deputy Clerk

MINUTE ORDER – 3